Pennington, J.
— I concur in the reversal of this judgment. The act of the Assembly hath not been pursued, inasmuch as the estate of the plaintiff of the lands and tenements forcibly entered upon, was not specified in the complaint exhibited to the jusiice. The license given by the commissioners, does not create, limit, or any way affect the estate of the plaintiff” in the land. The act of Assembly, giving authority to the commissioners to grant licenses to erect wares or fishing dams, cannot be considered in any other light than a public regulation, pointing out the manner in which an individual himself, or by his consent, another *102 person may use his property in the soil or bed of the river Delaware, above the ebb and flow of the tide, without injury to the general use of the river as a public highway.
The judgment for costs, which are very considerable, is also entered in figures; and, therefore, according to the case of Cole v. Petty,[1] reversible for that cause also.
By the Court. — Let the judgment be reversed.
Pennington, J. — Observed to the bar, that he perceived in this case, that the costs were literally trebled; the common costs being $20, the justice had rendered judgment for sixty dollars; and asked them if they considered this manner of trebling costs as the rule of this State — or whether the English practice was usually pursued ? Leake, Sergeant, said, he saw no reason why the English rule, as laid down in Tid’s Practice, should not be observed here. Doubts of the correctness of applying the English practice in this respect, to cases arising under our acts of Assembly, were entei’tained by other gentlemen.
The rule laid down in Tid is this: Where a statute gives double costs, they are to be calculated thus: [*] [81] 1. The common costs; and then half the common costs. If treble costs: 1. The common costs; 2, half of these; and then half of the latter. Lid’s Prac. 363, edition of 1796. If this rule is to be followed, the costs in the above cause would have been thirty-five dollars, in lieu of sixty dollars, for which, judgment was rendered; but the court gave no opinion on the point; the judgment being reversed for another cause.[2]
The Chiee Justice observed, that a notion was prevailing, that double or treble costs went to the officers, jurors, <&c. This he said was a mistaken notion. These additional *103 costs were given to the party to compensate him for the unjust and undue vexation which he hath been put to.
Cited in Allen v. Smith, 7 Halst. 199; Lloyd v. Hance, 1 Harr. 127; Berrian v. State, 2 Zab. 9 and 36.

 Ante, *60. — Ed.

 Vide post, *340, Crane v. Dodd and Wife, 2 South 517, 518. — Ed.